UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-251-DLB

BUDDY EVANS, et al.                                                                                    PLAINTIFFS

VS.                           **MEMORANDUM OPINION AND ORDER**

KENTUCKY DEPT. OF CORR., et al.                                                        DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Buddy Evans is an inmate in the custody of the Kentucky Department of Corrections ("KDOC"). Proceeding without counsel, Evans filed an original and amended civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1 at 11). This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Evans states that in August 2017 he was housed at the Bell County Forestry Camp ("BCFC") in Pineville, Kentucky. Evans indicates that on several occasions over a ten-day period, he and other inmates returning from work duties at the camp were strip-searched in view of other inmates in the visitation area, and that video surveillance cameras were present and recording. After one inmate complained, camp officials deactivated or removed the cameras. Evans also indicates that officer Robbie Landrum made offensive comments of a sexual nature to him. (Doc. # 11-2 at 1-2).

Evans indicates that another inmate filed a complaint with prison officials under the Prison Rape Elimination Act, and suggests that this satisfied his own obligation to exhaust his administrative remedies prior to filing suit. He further alleges that an inmate grievance

1

was filed regarding the searches, but that the warden deviated from the KDOC grievance protocol by denying it immediately. Evans suggests that he did not appeal from that denial.[1] (Doc # 11 at 5; 11-2 at 2).

Evans contends that the searches violated his rights under the Fourth and Eighth Amendments, and seeks damages and injunctive relief. Evans names as defendants the Kentucky Department of Corrections ("KDOC"), BCFC Warden Keith Helton, Lieutenant Eddie Payne, Sergeant James Dibrell, and BCFC officers Paul Powers, Robbie Landrum, and Aaron Gaylor, each in their individual and official capacities. (Doc. # 11 at 1-2, 4; Doc. # 11-2 at 3).

The Supreme Court has long adhered to the rule that maintaining safety and security in a prison environment requires inmates to sacrifice some measure of the rights they previously enjoyed in civil society. *Bell v. Wolfish*, 441 U.S. 520, 540-46 (1979). Among these is the right to personal privacy, and thus inmates may be subjected to searches of their person and property without violating their constitutional rights. *Florence v. Bd. of Chosen Freeholders of Cty. of Burmingham*, 566 U.S. 318, 328-30 (2012).

Strip searches, in some circumstances, may be more invasive. *Stoudemire v. Mich. Dept. of Corr.*, 705 F. 3d 560, 572-73 (6th Cir. 2013) ("a strip search, by its very nature, constitutes an extreme intrusion upon personal privacy ...") (quoting *Wood v. Clemons*, 89 F. 3d 922, 928 (1st Cir. 1996)). Consideration of several factors, such as the location of the search, the manner in which it was conducted, and the necessity for

---

[1] There is good reason to question whether these steps were sufficient for Evans to fully and properly exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a). *Jones v. Bock*, 549 U.S. 199, 211 (2007). The allegations of the Complaint are not entirely clear on that point, and the Court therefore rests its analysis on other grounds.

the search, may render the search unreasonable under the Fourth Amendment. *Id.* at 572. Here, Evans indicates that the search was conducted in an open place in view of other inmates, and in view of corrections officials through the surveillance cameras. On the other hand, he indicates that the searches did not involve any physical contact with prison guards. At the pleading stage a plaintiff is only required "to plausibly allege - rather than demonstrate - that the jail acted unreasonably." *Williams v. City of Cleveland*, 771 F. 3d 945, 954 (6th Cir. 2014). That said, other courts facing claims arising from strip searches conducted under similar circumstances have found no constitutional violation. Cf. *Kick v. Christian Co., Ky.*, No. 5: 16-CV-74-TBR, 2017 WL 2312698, at *2-3 (W.D. Ky. May 26, 2017) (dismissing Fourth and Eighth Amendment claims for no-contact strip search of inmate conducted in presence of other inmates).

There are, however, other concerns that warrant dismissal. First, while Evans named several individual officers as defendants in this action (Doc. # 11 at 1-2), he made specific factual allegations against only Officer Landrum in the body of the Complaint (Doc. # 11-2 at 1-2). Regarding the strip searches, Evans generically states that "the defendants" conducted the searches. But KDOC as an organization plainly did not do so, nor does Evans suggest that BCFC Warden Keith Helton was personally conducting strip searches of inmates at the camp. Personal liability in a § 1983 action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that a complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

3

*Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008). Evans's broad and generic allegations do not satisfy that minimum pleading requirement.

Evans does allege that Officer Landrum made inappropriate comments of a sexual nature to him. (Doc. #11-2 at 1). That allegation is specific enough, but it fails to state a claim of constitutional dimension. The Eighth Amendment requires prison officials to provide conditions of confinement that are humane. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Derogatory or abusive comments from guards are unprofessional and cannot be condoned, but they do not violate an inmate's constitutional rights. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (*per curiam*); *Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 546 (6th Cir. 2004) (holding that "harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits.").

Finally, Evans alleges that the strip searches were humiliating and caused him to suffer from anxiety. (Doc. # 11-2 at 3). However, he does not allege that he suffered any physical injury from the searches, and federal law does not permit recovery for purely emotional harm in a civil rights action. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). This statute prohibits a constitutional claim arising from a strip search where the search does not cause physical injury. *Jackson v. Herrington*, 393 F. App'x 348, 354-55 (6th Cir. 2010) ("absent injury related to the strip search, his Eighth Amendment claim is not cognizable under § 1997e(e)."); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (same); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (same). While the humiliation Evans may

4

have suffered is regrettable, federal law provides that it is not a sufficient foundation upon which to base a claim under § 1983.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Plaintiff Evans's Amended Complaint (Doc. #11) is **DISMISSED**, and

(2) The Court will enter an appropriate judgment contemporaneously herewith.

This 9th day of August, 2018.

Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\ORDERS\ProSe\Evans 17-251-DLB Memorandum RBW.docx